IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICK JACKSON,** | : | **CIVIL NO. 3:15-CV-1536** |
| | : | |
| Petitioner | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **L.J. ODDO, WARDEN,** | : | |
| | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner Patrick Jackson ("Jackson"), a federal inmate incarcerated at the United States Penitentiary at Allenwood, White Deer, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4,[1] and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

### I.   Background

Jackson alleges that he was convicted in the United States District Court for the Southern District of New York following a jury trial of two counts of being a felon in possession of a firearm or ammunition, in violation of 18 U.S.C. § 922. (Doc. 1, p. 2). Procedurally, Jackson's case has proceeded in the following manner:

---

[1] Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. Governing § 2254 CASES R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R.1(b).

>Jackson's conviction was affirmed by the Second Circuit Court of Appeals and certiorari denied. *United States v. Jackson*, 301 F.3d 59 (2d Cir.2002), *cert. denied*, 539 U.S. 952, 123 S.Ct. 2629, 156 L.Ed.2d 644 (2003). The records of the Sentencing Court establish that, on January 28, 2005, Jackson's § 2255 motion was denied [64]. On March 22, 2006, his appeal from that order was dismissed by the Court of Appeals. On August 16, 2007, Jackson then moved for relief from the judgment in the § 2255 matter [67]. However, on November 15, 2007, the Sentencing Court denied that motion and, on November 14, 2008, Jackson's corresponding appeal from the dismissal was itself dismissed [74]. Further, PACER records for Jackson's § 2255 motion (Patrick Jackson v. USA, 1:04–cv–04503–LAK (SDNY)), establish that, on November 2, 2010, Jackson filed a request for permission to bring a second or successive § 2255 motion with the Second Circuit, which was denied on February 14, 2011 [7]. Jackson then returned to the Sentencing Court where he again moved for § 2255 relief, which the Sentencing Court denied on October 4, 2011 [10]. On November 1, 2011, Jackson appealed from the Sentencing Court's 10/04/11 order [12] and, on April 27, 2012, the Second Circuit dismissed that appeal [14].

Jackson v. McGrew, No 13-1094 DMG(AN), 2013 WL 3982811, * 2 (C.D Ca Aug. 1, 2013).

On February 14, 2013, Jackson filed a petition pursuant to 28 U.S.C. § 2241, which was construed as an unauthorized second or successive § 2255 motion, for which Jackson failed to obtain the Second Circuit's permission to bring, and denied. (Id.)

Jackson filed the instant petition on August 6, 2015. (Doc. 1). He alleges that he is being held illegally in violation of the United States Constitution based on the recent Supreme Court of the United States case of Johnson v. United States, — U.S. — , 135 S.Ct. 2551(2015) (finding that an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violated the Constitution). (Doc. 1, p. 1).

**II.   Discussion**

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing

2

pursuant to 28 U.S.C. § 2255.  Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law."  28 U.S.C. § 2255(h); 28 U.S.C. 2244(3)(A).

Review of a petition filed pursuant to 28 U.S.C. § 2241 is limited to circumstances where the remedy by motion under § 2255 would be inadequate or ineffective to test the legality of detention.  *See* 28 U.S.C. § 2255(e); see Okereke, 307 F. 3d at 120; see Dorsainvil, 119 F.3d at 251-52.  Section 2255 may be inadequate or ineffective when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction or where he "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision."  Dorsainvil, 119 F.3d at 251–52.  Conversely, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."  Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002) (citations omitted); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.  "If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. § 2241, the habeas petition must be dismissed for lack of jurisdiction."  Id., citing Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) ("Section 2255 has made the sentencing court the exclusive forum for challenge to the

validity of a conviction and sentence.") See also United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) (observing that "federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework").

In the instant petition, Jackson asserts that "his avenues for relief pursuant 28 U.S.C. Section 2255 are inadequate or ineffective." (Doc. 1, p. 2, citing Dorsainvil, 119 F.3d 245, and Brooks, 230 F.3d 643). He indicates that he was sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e) and that one of the three predicate 'violent felony' convictions is a conviction for escape and that the escape conviction was considered a violent felony under the residual clause of the Armed Career Criminal Act. (Id. at 3). He states that his sentencing range increased from 100-125 months to 235-293 months and that without the enhancement, his statutory maximum was ten years. (Id.) He argues that this sentence violates his due process rights. (Id. at 5). In support of his argument, he relies on the recent United States Supreme Court case of Johnson v. United States, — U.S. — , 135 S.Ct. 2551 (2015). (Doc. 2, p. 1). In Johnson, the United States Supreme Court held that the "residual claims" of the Armed Career Criminal Act violates the Constitution's guarantee of Due Process due to vagueness. Johnson, 135 S.Ct. at 2563. Jackson pleads that because "due to an intervening decision of the Supreme Court of the United States that narrows significantly the statute under which he was sentenced, he stands incarcerated unlawfully, this Court should appoint counsel and allow Petitioner to proceed under 28 U.S.C. Section 2241." (Doc. 1, p. 11). However, because he is ultimately challenging his conviction and sentence, his

4

claims are controlled by 28 U.S.C. § 2255.  See Wallace v. Bledsoe, No. 1:1-CV-132, 2011 WL 766641, * 3 (M.D. Pa. 2011) (Jones, J.) (finding that the petitioner's claim that a prior conviction was improperly used to enhance his sentence must be brought by way of section 2255); Pryce v. Scism, Civil No. 1:10-cv-1680, 2011 WL 41883, *4 (M.D. Pa. 2011) (Jones, J.) (concluding that section 2255, not section 2241, is the appropriate section to address Pryce's claim, that he is actually innocent of being a career criminal because his prior state convictions should not have been considered to enhance his current federal sentence, and explaining that innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense such that the remedy afforded by section 2255 would be inadequate or ineffective). Accordingly, the instant petition is subject to dismissal.

Jackson also attempts to utilize section 2241 by arguing that he is actually innocent of being an armed career criminal.  (Doc. 1, pp. 9-10).  Courts that have considered this argument have recognized that one is not convicted of being an "armed career criminal." Rather, this status is utilized as a basis to enhance a federal sentence. Therefore, innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense such that the remedy afforded by §2255 would be inadequate or ineffective.  Accord United States v. Brown, 456 F. App'x 79, 81 (3d Cir. 2012) (*per curiam*) (stating "[w]e have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal.  Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead

asserts only that he is 'innocent' of being a career offender."); see also, Selby v. Scism, 453 F. App'x 266, 268 (3d Cir. 2011) (finding "Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is 'innocent' of a [career offender] sentencing enhancement because of an intervening change in law.  Accordingly the exception described in In re Dorsainvil does not apply.").

Significantly, Jackson has failed to present the issue he raises in this petition in a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

## III.  CONCLUSION

For the above stated reasons, the Court lacks jurisdiction to consider Davis's petition. Therefore, the petition will be dismissed.  Notably, dismissal will be without prejudice to Davis's ability to take any action he deems appropriate under § 2255 to preserve and present his issues in a second or successive motion to vacate, set aside, or correct his sentence.

An appropriate order will issue.

                                          **BY THE COURT:**

                                          **s/James M. Munley**
                                          **JUDGE JAMES M. MUNLEY**
                                          **United States District Court**

Dated: November 2, 2015